UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KHALIL MAFHOUM,<br><br>                Plaintiff,<br><br>         v.<br><br>MASSACHUSETTS STATE POLICE,<br><br>                Defendants. | CIVIL ACTION<br>NO. 1:24-CV-11339-LTS |

## **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

      Defendant Massachusetts State Police ("MSP") submits this memorandum in support of its Motion to Dismiss Plaintiff's Complaint.[1] Plaintiff, a probationary employee of MSP, was terminated after he was involved in an on-duty car crash in his police cruiser, failed to report that crash to his superiors, and took it upon himself to bargain with the other driver to pay for the damage to the other vehicle. After a state court rejected his G.L. c. 151B claims in 2023, Plaintiff has recharacterized his causes of action as Title VII claims and refiled in this Court. Plaintiffs' Title VII claims must therefore be dismissed because they are barred by the doctrine of claim preclusion, and because Plaintiff has not alleged a plausible claim for relief under Title VII. For these reasons, MSP respectfully requests that this Court dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6).

---

[1] Complaint, or "Compl." refers to Plaintiff's second complaint, which was filed in this action on June 13, 2024. Dkt. No. 11.

## **RELEVANT FACTUAL BACKGROUND**[2]

**I.   Plaintiff's Employment at MSP**

Plaintiff is Muslim-American and immigrated to the United States from Morocco.  Compl. ¶¶ 1, 7.  In January 2018, Plaintiff was hired by MSP as a State Trooper.  *Id*. ¶¶ 6, 9-10.  Plaintiff, like all MSP trainees, was placed on a one-year probationary period after graduating from the State Police Academy and joining the MSP.  *Id*. ¶¶ 6, 11.  After completing field officer training, Plaintiff was assigned to patrol the H-9 tunnels in Boston.  *Id*. ¶ 11.  During his shifts, Plaintiff issued citations, interacted with the public, assisted disabled motorists, and provided backup to other State Troopers.  *Id.* ¶ 14.  MSP assigned Plaintiff a police cruiser – a 2012 Ford Explorer – which Plaintiff alleges had several defects such as dents, scrapes, a cracked windshield, and an expired inspection sticker.  *Id.* ¶¶ 17-19.

**II.   Plaintiff's On-Duty Car Crash**

On July 9, 2018, Plaintiff was involved in a car accident while on duty in the South End of Boston.  *Id*. ¶ 21.  Plaintiff did not issue a citation to the driver of the other vehicle involved in the crash, allegedly because Plaintiff was not issued a speed measuring device by MSP.  *Id.* ¶ 23.  MSP requires a supervisor to come to the scene of any accident in which a Trooper is involved.  *Id*. ¶ 22.  Plaintiff did not attempt to contact any supervisor on the night of the accident.  *See id*. ¶¶ 22-24.  Plaintiff alleges that there was no supervisor available because there was no Sergeant on desk duty that evening, but admits that it was a mistake to fail to report the accident.  *Id*. ¶¶ 22, 34.

The day after the accident, the owner of the other vehicle involved in the crash arrived at the MSP barracks and claimed that Plaintiff caused more than $5,000 of damage to her vehicle.  *Id*. ¶ 24.  When confronted by the owner, Plaintiff questioned her assessment of the damages and

---

[2] MSP assumes the allegations in the Complaint are true for purposes of this motion only.

offered to have her vehicle repaired at another auto repair shop. *Id.* After the appearance of the owner at the barracks, Plaintiff's supervisor interviewed Plaintiff about the accident on July 11, 2018 and filed an accident report as required by MSP rules. *Id.* ¶ 25. Plaintiff's supervisor instructed Plaintiff to refrain from speaking to the other driver and to submit a written explanation of the events surrounding the accident. *Id.* ¶ 26. Plaintiff allegedly remained on active duty at this time. *Id.* ¶ 29.

### III.  MSP's Discipline of Plaintiff

On October 24, 2018, MSP informed Plaintiff that he was under investigation for failing to report the accident on July 9, 2018 and for his approach to the damage caused to the other driver's vehicle. *Id.* ¶¶ 31-32. Plaintiff's cruiser and use of force equipment were confiscated and he was suspended for two weeks. *Id.* ¶¶ 31, 33. Plaintiff had a subsequent hearing with ranking members of MSP on November 8, 2018. *Id.* ¶¶ 35, 71. During that hearing, Plaintiff was told that "he wasn't a kid anymore" and that he "should have known better." *Id.* ¶ 71. On November 13, 2018, MSP terminated Plaintiff's employment because he violated a MSP policy, TRF-20, by not immediately reporting the July 9th accident. *Id.* ¶¶ 35, 42, 45. At the time of his termination, Plaintiff was a thirty-nine-year-old probationary employee. *Id.* ¶ 1. Plaintiff alleges that MSP "made-up false stories" regarding the "incident that resulted in his termination," which caused him to be rejected when he applied to other police departments. *Id.* ¶ 90.

Plaintiff alleges that other probationary MSP Troopers who committed misconduct were not terminated and attributes the difference in treatment to "inherent and/or unconscious bias." *Id.* ¶¶ 48-49, 51. The Complaint describes various anonymous probationary Troopers who were disciplined but not terminated. *Id.* ¶¶ 62-67. Plaintiff attributes the following misconduct to these Troopers: (1) hitting another vehicle's side mirror and failing to stop because he thought the sound was just snow falling off the cruiser; (2) misrepresenting that he assisted a disabled motor vehicle;

(3) being rude to superiors; (4) acting drunk and disorderly while off duty; (5) rolling a cruiser while avoiding a deer; and (6) unknown infractions. Compl. ¶¶ 62-67. Plaintiff asserts that these comparator Troopers were not "minorities" and were not "the same age or racial identity as Plaintiff." *Id*. ¶¶ 49-50. The Complaint, however, does not identify the respective races, religions, ages, or any other demographic information of the anonymous comparators. *Id*. ¶¶ 49-50, 61-67. None of the listed comparators willfully failed to report an on-duty car accident they were involved in while offering to personally pay for the damage to the other vehicle. *Id*.

The Complaint also makes various general assertions regarding MSP's workforce. It alleges that 5% of MSP personnel identified as Black and alleges on information and belief that MSP had no other Muslim employees at the time of Plaintiff's termination. *Id*. ¶¶ 54-55. Plaintiff alleges that other probationary Troopers in prior classes "were disciplined less severely than the discipline imposed upon the Plaintiff for comparable offenses." *Id*. ¶ 68. On information and belief, Plaintiff alleges that "non-minority probationary employees" experienced disciplinary sanctions other than termination "for conduct equivalent to, or more egregious than, that of the Plaintiff." *Id*. ¶ 70.

## IV.   Plaintiff's State Court Proceedings

On June 10, 2022, Plaintiff filed a civil action against MSP in Suffolk Superior Court regarding his termination ("Prior Action"). Complaint, *Mafhoum v. Department of State Police*, Suffolk Super. Ct. No. 2284CV01308, Dkt. No. 1 (attached as Ex A).[3] In the Prior Action, Plaintiff brought two claims under G.L. c. 151B arising out of his termination from MSP: (1) race and age

---

[3] When considering a motion to dismiss, the court may consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken." *Compere v. Riordan*, 374 F.Supp.3d 163, 165 (D. Mass. 2019). "It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990).

4

discrimination; (2) disparate treatment based on race. *Id.* ¶¶ 72-83. The Superior Court granted MSP's motion to dismiss the age discrimination claim on the grounds that Plaintiff had conceded he was not a member of a protected class for purposes of an age discrimination claim. Memorandum of Decision and Order on Defendant's Motion to Dismiss, *Mafhoum v. Department of State Police*, Suffolk Super. Ct. No. 2284CV01308, Dkt. No. 9 at 6 n.4 (attached as Ex. B). The Superior Court also granted MSP's motion to dismiss as to the remaining claims on statute of limitations grounds. *Id*. at 6-8. After judgment issued, the Massachusetts Appeals Court affirmed the dismissal. *Mafhoum v. Dep't of State Police*, 23-P-0483, 2024 WL1394547, at *2-3 (Mass. App. Ct. April 2, 2024) (unpublished opinion).

V. **Procedural Background**

Plaintiff filed his initial complaint in this action on May 21, 2024. Dkt. No. 1. This Court then granted MSP's motion to extend the deadline to respond to the complaint to July 15, 2024. Dkt. No. 13. On June 14, 2024, Plaintiff filed a second complaint, which is the subject of this motion to dismiss. Dkt. No. 11. The Complaint asserts the following Title VII claims against MSP: (1) race and age discrimination, (2) disparate treatment based on race and age, (3) "adverse impact;" and (4) retaliation. Compl. ¶¶ 76-91. The Complaint is nearly identical to Plaintiff's prior Superior Court complaint, with some minor alterations such as changing references to G.L. c. 151B to Title VII. *Compare* Dkt. No. 1 *with* Ex. A.

**LEGAL STANDARD**

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege a plausible entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere speculation or conclusory allegations are not

5

sufficient to sustain a claim for relief. *Bell Atlantic Corp.*, 550 U.S. at 555. "If the complaint fails to include factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory, it should be dismissed." *Pitta v. Medeiros*, 90 F.4th 11, 17 (1st Cir. 2024) (quotation and citation omitted), *cert. denied*, U.S., No. 23-1090 (June 10, 2024).

## ARGUMENT

Plaintiff is attempting to challenge his termination from MSP, which has already been litigated and affirmed on appeal in state court. His claims are therefore barred by the doctrine of claim preclusion. Even if that were not the case, however, Plaintiff's claims must still be dismissed because he has failed to allege a plausible claim for relief under Title VII.

### I.     PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF CLAIM PRECLUSION

The judgment from Plaintiff's prior state court litigation precludes him from relitigating his discrimination and retaliation claims against MSP in federal court. "[F]ederal courts must give preclusive effect to a state-court judgment if the state court itself would." *Newman v. Krintzman*, 723 F.3d 308, 310 (1st Cir. 2013).[4] Massachusetts law applies claim preclusion when: (1) "the parties to the prior or present actions" are "identical or in privity," (2) the claims "arise out of the same nucleus of operative fact," and (3) the prior action resulted in a "final judgment on the merits." *Goldstein v. Galvin*, 719 F.3d 16, 23 (1st Cir. 2013) (citing *Kobrin v. Bd. of Regist. In Med.*, 444 Mass. 837, 843 (2005)).

---

[4] Plaintiff's claims would also be barred under the federal claim preclusion standard. *Salvati v. Fireman's Fund Ins. Co.*, 368 F.Supp.3d 85, 90 (D. Mass. 2019) (noting the "lack of apparent difference" between federal and Massachusetts claim preclusion standards).

6

All three elements are satisfied here, and Plaintiff's claim is barred by the doctrine of claim preclusion. The Prior Action and this action both had the same parties. Compl. ¶¶ 1-2; Ex. A ¶¶ 1-2. The claims in this action and the Prior Action arose out of Plaintiff's termination from MSP in 2018 after Plaintiff was involved in a car accident while on duty and failed to report it. *See* Compl. ¶¶ 21-35; Ex. A 20-34. Finally, the Prior Action not only resulted in a final judgment, that judgment was affirmed by the Massachusetts Appeals Court. *Mafhoum*, 2024 WL1394547, at *2-3.[5]

It makes no difference that the Prior Action asserted state-law claims under G.L. c. 151B while the Complaint in this action asserts federal claims under Title VII. The doctrine of claim preclusion "prevents relitigation of all matters that were or *could have been* adjudicated in the action." *Kobrin*, 444 Mass. at 843 (emphasis added). It therefore "bars parties from relitigating claims that could have been made in an earlier suit, not just claims that were actually made." *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010).

There was nothing that precluded Plaintiff from pursuing a Title VII claim in the Prior Action. *See Martins v. Boston Pub. Health Comm'n*, 77 F. App'x 4, 6-7 (1st Cir. 2003) (affirming dismissal of Title VII claim on claim preclusion grounds based on prior G.L. c. 151B claim in state court). "Massachusetts courts require a common nucleus of operative facts because claim preclusion applies even where the claimant 'is prepared in a second action to present different evidence or legal theories to support his claim.'" *Padmanabhan v. Hulka*, 308 F.Supp.3d 484, 491

---

[5] The Superior Court's dismissal of the Prior Action was a judgment on the merits. *See Blaney v. Cowan*, No. 11-P-723, 81 Mass. App. Ct. 1136, 2012 WL 1755736, at *1 (2012) (unpublished) ("[A] judgment based on a statute of limitations defense … constitutes a final judgment 'on the merits.'"); *TLT Const. Corp. v. A. Anthony Tappe & Associates, Inc.*, 48 Mass. App. Ct. 1, 10 n.8 (1999) (acknowledging dismissal based on statute of limitations defense would constitute a judgment on the merits). *See also Cooper v. Principi*, 71 F. App'x 73, 74 (1st Cir. 2003) ("It is well-settled that a dismissal on statute-of-limitations grounds is a judgment "on the merits.").

7

(D. Mass. 2018), *affirmed* No. 18-1301 (1st Cir. July 10, 2019) (citations omitted). Here, there is not only a common nucleus of operative fact – Plaintiff's termination from MSP – but the exact same facts presented in a nearly identical complaint.[6] Plaintiff appears to have taken the complaint from the Prior Action, changed references to G.L. c. 151B to Title VII and made other minor tweaks, and refiled that complaint in federal court with large chunks of the complaint a verbatim copy of the Prior Action complaint. *See, e.g.,* Compl, ¶¶ 5-21, 25-33; Ex. A ¶¶ 6-22, 24-32. Plaintiff's attempts to recharacterize and relitigate his discrimination claims must be denied under the doctrine of claim preclusion.

## II.    PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER TITLE VII

Even if Plaintiff's claims were not barred by the doctrine of claim preclusion, his Title VII claims are independently subject to dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff appears to be asserting a disparate treatment claim based on age, a retaliation claim, an "adverse impact" claim, and a disparate treatment claim based on race.[7] Compl. ¶¶ 77, 84, 89, 90. His claims cannot succeed, however, because he has not alleged that he was a member of a protected class, that he engaged in protected activity, that TRF-20 had an adverse impact on anyone other than him, or that he was terminated due to his race. Plaintiff has therefore failed to state any plausible claim for relief under Title VII.

---

[6] Consideration of Plaintiff's claims in federal court under these circumstances would also be contrary to the *Rooker-Feldman* doctrine, which states that this Court lacks jurisdiction to review final state-court judgments. *Tyler v. Supreme Judicial Ct. of Massachusetts*, 914 F.3d 47, 50 (1st Cir. 2019) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)).

[7] Plaintiff mentions in the introduction of the Complaint that he was also discriminated against on the grounds of "religious identity, and color," but asserts no Title VII cause of action based on religious identity or color. *Compare* Compl. at 1 *with* Compl. at 15-18. Nevertheless, any such claim would be subject to dismissal for the same reasons set forth herein and for failure to comply with Fed. R. Civ. P. 8(a).

> **A.      Plaintiff's Age Discrimination Claim Must Be Dismissed Because Title VII Does Not Recognize Age As a Protected Class**

Title VII does not recognize age as a protected class.  Title VII forbids employers from "discharg[ing] any individual … because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  The statutory text does not identify age as a protected class, and therefore no age discrimination claim can be brought under Title VII.  Even if this court construes Plaintiff's age discrimination claims as asserting a claim under the Age Discrimination in Employment Act ("ADEA"), Plaintiff's claim still fails.  ADEA only protects employees over the age of forty.  *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) (citing 29 U.S.C. § 631(a)).  Plaintiff was thirty-nine years old at the time of his termination, and therefore ineligible to assert an age discrimination claim.  Compl. ¶ 1.  Plaintiff's age discrimination claim must be dismissed because he has failed to plausibly allege an age discrimination claim.

> **B.      Plaintiff's Title VII Retaliation Claim Must Be Dismissed Because He Has Not Alleged Any Protected Activity or Causation**

Plaintiff cannot maintain a Title VII retaliation claim because he has not alleged that he engaged in any protected activity or that MSP retaliated against him because of that protected activity.  Plaintiff mischaracterizes the law by stating that "Title VII prohibits an employer from retaliating against a previous employee."  Compl. ¶ 90. Title VII is not so broad; rather, it prohibits retaliation against an employee on the grounds that the employee "opposed any practice" of his or her employer that was forbidden by Title VII or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII.  42 U.S.C. § 2000e-3(a).  Plaintiff must therefore allege not only that he experienced some kind of retaliation from his employer, but that he engaged in protected activity and the employer retaliated against that employee because of the protected activity.  *Valentin-Almeyda v. Municipality Of Aguadilla*, 447 F.3d 85, 94 (1st Cir. 2006).

Plaintiff's allegation that MSP "made-up false stories and versions of the incident that resulted in his termination" is insufficient to state a Title VII retaliation claim because he has not alleged protected activity or causation. Compl. ¶ 90. "[E]mployees who seek the protection of Title VII's retaliation provision must allege opposition to some aspect of their employment or the conduct of their employer." *Frith v. Whole Foods Mkt., Inc.*, 38 F.4th 263, 277 (1st Cir. 2022) (emphasis in original). Plaintiff here does not allege that he opposed any alleged discriminatory practice of his employer, nor does he allege that he participated in any Title VII proceeding. The Complaint also does not allege that MSP terminated Plaintiff because of any such opposition to MSP practices. Indeed, Plaintiff does not allege any motivation for MSP's alleged retaliatory acts whatsoever. Compl. ¶ 90. Plaintiff's failure to allege protected activity or causation requires the dismissal of his Title VII retaliation claim.

### C. Plaintiff's "Adverse Impact" Claim Is Not a Cognizable Cause of Action

Plaintiff cannot maintain an "adverse impact" claim because no such cause of action exists. Plaintiff appears to allege that he personally experienced an "adverse impact" based on MSP's alleged failure to inform him of an impending investigation and "follow their own Policy TRF-20 [which] has had adverse impact on the Plaintiff." Compl. ¶ 89. The mere fact that something in the workplace negatively impacts an employee is not actionable under Title VII.

To the extent that Plaintiff is attempting to assert a disparate impact claim under Title VII, that claim still fails. "In order to properly assert a disparate impact claim, plaintiffs must plead 1) a specific and actionable policy, 2) a disparate impact, and 3) facts raising a sufficient inference of causation." *Miller v. Countrywide Bank, N.A.*, 571 F. Supp. 2d 251, 255 (D. Mass. 2008). The Complaint alleges only that MSP's failure to follow Policy TRF-20 had an adverse impact on him personally, but does not allege that Policy TRF-20 (or the failure to follow TRF-20) impacted any other group of people. Compl. ¶ 89. Indeed, Plaintiff alleges that no other MSP employee has

10

been terminated for violating TRF-20, so no disparate impact argument is possible here. *Id*. ¶ 52. Plaintiff's "adverse impact" claim must therefore be dismissed.

### D. Plaintiff's Has Not Alleged a Title VII Race Discrimination Claim Because He Has Not Alleged Disparate Treatment Based on Race

Plaintiff has plausibly not alleged a race discrimination claim based on disparate treatment. In order for a Title VII disparate treatment claim to survive a motion to dismiss, the plaintiff must "'plausibly allege' that the plaintiff experienced a discriminatory employment action." *Frith*, 38 F.4th at 271 (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). Disparate treatment occurs "where an employer has treated a particular person less favorably than others because of a protected trait." *Ricci v. DeStefano,* 557 U.S. 557, 577 (2009) (citations and quotations omitted).

Here, Plaintiff has failed to allege any facts that would indicate that his termination was based on race. Plaintiff has not identified his race in the Complaint,[8] nor the race of any of his anonymous alleged comparators, other than they are "not minorities." Compl. ¶¶ 61-67. The alleged infractions by these comparators – insubordination, off-duty disorderly conduct, failure to notice striking a civilian's side mirror, and misrepresentations regarding work performed on duty – are not comparable to Plaintiff's behavior. *Id*. Plaintiff failed to report an on-duty motor vehicle accident to his superiors while attempting to avoid the consequences for their actions by personally paying for the damage to the other vehicle. Compl. ¶¶ 21-24. The Complaint therefore contains no allegations that "link [MSP's] decision to fire [Plaintiff] to discrimination," but rather "indicates valid reasons for [MSP's] decision to terminate his employment." *McBride v. Massachusetts Comm'n Against Discrimination*, 677 F.Supp.2d 357, 362 (D. Mass. 2009). The disparate treatment claim based on race therefore must also be dismissed.

---

[8] Plaintiff identifies only his religion and national origin in the Complaint. Compl. ¶¶ 1, 7.

## CONCLUSION

For the foregoing reasons, MSP respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

        Respectfully submitted,
        MASSACHUSETTS STATE POLICE
        By its Attorneys,

        ANDREA JOY CAMPBELL
        ATTORNEY GENERAL

        */s/ Hannah C. Vail*
        Hannah C. Vail, BBO #698577
        Assistant Attorney General
        Government Bureau/Trial Division
        One Ashburton Place
        Boston, MA  02108
        (617) 963-2512
        hannah.vail@mass.gov

Date: July 15, 2024

## CERTIFICATE OF SERVICE

I, Hannah Vail, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 15, 2024.

        */s/ Hannah Vail*
        Hannah Vail
        Assistant Attorney General