UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

---

Khalil Mafhoum

v.

Massachusetts State Police

---

Civil Action: NO. 1:24-CV-11339-LTS

## **OPPOSTION TO MOTION TO DISMISS**

**Legal Standard:**

Rule 12(b)(6) Standard:

Rule 12(b)(6) provides that parties may assert by motion a defense based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Rule 12(b)(6) test has been revised in recent years. In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court stated the interplay between Rule 8 (pleading) and Rule 12(b)(6) as follows: "[T]he accepted rule [is]

that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. In Bell Atlantic Corporation v. Twombly, 55 U.S. 544 (2007), the Court noted questions raised regarding the "no set of facts" test and clarified that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," id. at 563. It continued: "Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." Id. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Court further elaborated on the test, including this statement: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1949 (citation omitted). Where a complaint is inadequate, leave to amend the complaint is common. See, e.g., Butt v. United Brotherhood of Carpenters & Joiners of America, No. 09–4285, 2010 WL 2080034 (E.D. Pa. May 19, 2010).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 555 (2007). A plausible claim need only include "enough details about the subject matter of the case to present a story that holds together." Carlson v. CSX Transp., Inc., 758 F.3d 819, 827 (7th Cir. 2014) (citing Swanson v. Citibank, N.A., 614 F.3d 400, 404- 05 (7th Cir. 2010)). It must have "'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009) (quoting Twombly,

550 U.S. at 556). A plaintiff is not, however, required to plead specific or detailed facts. Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). The plausibility standard does not "impose a probability requirement on plaintiffs: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely.'" Alam v. Miller Brewing Co., 709 F.3d 662, 666 (7th Cir. 2013) (quoting Twombly, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). A well-pled complaint alleging discrimination merely needs to give the defense sufficient notice of the claim. Tamayo v. Blagojevich, 526 F.3d 1074, 1085 (7th Cir. 2008).

**Argument:**

Defendant Massachusetts State Police is subject to suit under Title VII, since it has terminated the plaintiff for no just cause or a hearing or an opportunity to be heard when terminating his employment. The State Police's efforts to misrepresent the nature and the amount of discrimination and blocking the plaintiffs from any future employment caused hardship subject to Title VII's prohibition on employment discrimination. Accordingly, the motion to dismiss for the Massachusetts State Police should be denied.

**Sufficiency of the Complaint:**

The plaintiff's complaint sufficiently alleges facts that, if proven true, would entitle him to relief under the law. Specifically, the complaint outlines the specific instances of alleged unlawful actions taken by the Massachusetts State Police against Mr. Khalil Mafhoum. The allegations are detailed and provide a clear basis for the claims of discrimination and unlawful conduct, thus meeting the threshold required to survive a motion to dismiss.

**Standard of Review:**

Under the standard set forth in Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal, the complaint must state a plausible claim for relief. The plaintiff has articulated specific instances where his rights were allegedly violated, including detailed descriptions of the events and the impact on him. The plausibility standard requires that the court accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Applying this standard, the complaint clearly states a claim that is plausible on its face.

### I.     The Doctrine of Claim Preclusion Does Not Apply

A. Different Causes of Action Defendant argues that Plaintiff's claims are barred by claim preclusion because they arise from the same nucleus of operative facts as those in a prior state court action. However, this argument fails because the causes of action under Title VII are

distinct from those adjudicated under G.L. c. 151B. In Kale v. Combined Ins. Co. of America, 924 F.2d 1161 (1st Cir. 1991), the First Circuit held that claim preclusion does not apply where the second action is based on a different legal theory and seeks a different remedy than the first. Here, Plaintiff's Title VII claims, grounded in federal law, seek remedies such as reinstatement, back pay, and compensatory damages for discrimination, which were not fully addressed under the state law framework of G.L. c. 151B. Moreover, the First Circuit in Toste Farm Corp. v. Hadbury, Inc., 70 F.3d 640 (1st Cir. 1995), emphasized that claim preclusion requires that both actions involve the same cause of action, which is not the case here. Plaintiff's federal claims introduce new legal theories and issues that were not, and could not have been, litigated in the state court proceeding.

### B. Title VII's Federal Jurisdiction

Title VII claims are under the exclusive jurisdiction of federal courts, as established in Alexander v. Gardner-Denver Co., 415 U.S. 36 (1974). This jurisdictional authority underscores the need for federal courts to independently adjudicate claims alleging violations of federal anti-discrimination laws. In University of Tennessee v. Elliott, 478 U.S. 788 (1986), the Supreme Court held that Congress intended for federal courts to have the authority to review Title VII claims de novo, even after state proceedings. This principle affirms that Plaintiff's access to federal court to seek redress for violations of federally protected rights should not be precluded by prior state court decisions focusing on state law claims.

## C. New Evidence and Legal Theories

Plaintiff's Title VII claims involve new evidence and legal theories that were not and could not have been fully litigated in the state court proceedings. For instance, Plaintiff alleges ongoing discriminatory practices and retaliatory actions that continued beyond the scope of the initial state court case. The Supreme Court in Lawlor v. National Screen Service Corp., 349 U.S. 322 (1955), held that res judicata does not bar a subsequent action when new facts have emerged since the prior judgment. Here, Plaintiff's additional evidence and allegations of discrimination and retaliation occurring after the state court judgment justify a separate and thorough examination under Title VII. In addition new evidence includes the POST commissions Disciplinary reporting chart for the Massachusetts State police which show that similarly situated Troopers of the Plaintiff's class were not terminated for similar or egregious conduct that do not amount to the same alleged behavior that the plaintiff was terminated from.

## D. Prior State Court Proceedings Were Procedural, Not Substantive

Defendant asserts that Plaintiff's claims were already litigated and dismissed in state court. However, Plaintiff's prior suit in state court was dismissed due to procedural reasons related to the untimely filing, not on substantive grounds. The facts of the case were never heard or argued in court. The appellate court upheld the lower court's decision on procedural grounds, effectively barring the case and its details from being substantively reviewed.

## II. Plaintiff Has Alleged Plausible Claims for Relief Under Title VII

A. Discrimination Claims Plaintiff has set forth specific factual allegations that, if proven, demonstrate disparate treatment based on race, religion, and national origin. Plaintiff's claim that

similarly situated non-minority probationary Troopers received less severe disciplinary actions for comparable or more egregious conduct supports a prima facie case of discrimination. Under the framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), Plaintiff has met the initial burden by presenting evidence that: (1) he belongs to a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) similarly situated employees outside his protected class were treated more favorably. This creates an inference of discrimination, shifting the burden to MSP to provide a legitimate, non-discriminatory reason for its actions. B. Adverse Impact Plaintiff's claims also address the broader, systemic issues of adverse impact and implicit bias within MSP's disciplinary practices. Statistical evidence demonstrating the underrepresentation of minority groups within MSP and the disparate impact of disciplinary actions on such groups substantiate these claims. In Griggs v. Duke Power Co., 401 U.S. 424 (1971), the Supreme Court held that employment practices that are neutral on their face but discriminatory in operation violate Title VII. Plaintiff's statistical evidence indicating that MSP's disciplinary practices disproportionately affect minority officers supports an adverse impact claim, warranting further investigation and potential remedies. C. Retaliation Plaintiff has detailed a timeline of events that suggests a retaliatory motive behind his termination. The sequence of disciplinary actions, coupled with the comments made by supervisors, indicates that Plaintiff's protected activities, such as complaints about discrimination, were met with retaliatory measures culminating in his termination. The Supreme Court in Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53 (2006), clarified that retaliation under Title VII includes any action that might dissuade a reasonable worker from making or supporting a charge of discrimination. Plaintiff's allegations align with this standard, demonstrating a plausible claim for retaliation based on the retaliatory actions he experienced

following his complaints of discrimination. Plaintiff's retaliation claim is further substantiated by the fact that after he engaged in protective activities by filing an MCAD claim in 2019, the Defendant retaliated by preventing him from securing employment with any other police department. This retaliation became evident through the derogatory feedback, false accusations, and defamation of character Plaintiff received in response to his applications for other law enforcement positions. III. Procedural Background and Recent Developments The Plaintiff's previous state court case was dismissed due to untimely filing, and not on the merits. The appellate court upheld this procedural dismissal, but ultimately agreed with the plaintiff that discriminatory actions and patterns have shown that the defendant has shown discriminatory conduct.

The plaintiff has presented substantial allegations that indicate a pattern of discriminatory behavior by the Massachusetts State Police. The complaint highlights specific incidents where Mr. Mafhoum was treated differently based on his race and national origin, which is in violation of both state and federal anti-discrimination laws. These claims are supported by factual assertions and should be allowed to proceed to discovery, where the plaintiff can gather further evidence to support his claims. In addition, the case was dismissed and not tried; no issue has been trialed in the lower court; rather dismissed all issues that are stated in the complaint are novel issues and have a right to be heard in this court under Res Judicata.

The sole reason for the termination and adverse action was the Plaintiff's Arabic and religious Muslim heritage given that he was the only Arabic Muslim Trooper to ever join the ranks of the

State Police, and the Department is know for no minority or minimal minority representation in the community, there actions continued be blocking the plaintiff's future employment with any agency making false character traits against the plaintiff for the sole reason to adversely affect the defendants future law enforcement career, based on his race and religion.

**Procedural Fairness:**

Dismissing the complaint at this stage would deprive the plaintiff of the opportunity to present his case and seek justice for the alleged wrongs he has suffered. The complaint has been crafted to provide a clear narrative of the alleged misconduct, and the plaintiff should be allowed to proceed to the next stage of litigation to substantiate his claims with evidence. In addition, there was no fairness when the Defendant interview the plaintiff for the final panel prior to his termination he was never given representation notice or an opportunity to be heard wherefore violating the plaintiff's 14th amendment right under exigent circumstances keeping the individual from pursuing any legal remedies and ultimately terminating him with no due process of law.

**Plausibility:**

The plaintiff Khalil Mafhoum brings a novel issue of continued discriminatory action where the defendant defamed his character. To prove prima facie defamation, a plaintiff must show four things: 1) a false statement purporting to be fact; 2) publication or communication of that statement to a third person; 3) fault amounting to at least negligence; and 4) damages, or some harm caused to the reputation of the person or entity who is the subject of the statement. Here,

the plaintiff applied to approximately 30 departments, and all had a commonality—they all contacted the defendant and as a result rejected the applicant based on various lies asserted to damage the plaintiff's reputation and prevent him from seeking any future employment. The defendant made numerous allegations from the plaintiff not knowing his job to intentionally concealing the fact of the crash that caused his termination. The defendant then proceeded to inform any and all departments of the statements, where none of the actions occurred but rather false allegations against the plaintiff to prevent him from seeking further employment in law enforcement. Therefore, causing the plaintiff to be rejected from all departments as a result causing the plaintiff's character to be defamed. Therefore, the claim for the defamation for the plaintiff should proceed.

In conclusion, the plaintiff has met the requisite legal standards to survive a motion to dismiss. The allegations are well-pleaded and provide a sufficient basis for the claims. Therefore, the defendants' motion to dismiss should be denied, allowing the case to proceed to discovery and further adjudication.

Respectfully submitted,

Khalil Mafhoum

Pro Se Litigant

## **CERTIFICATE OF SERVICE**

I, Khalil Mafhoum, pro se, hereby certify that I have this day served the foregoing document, upon all parties, by electronically filing to all ECF registered parties and by emailing a copy to the defendant's representing attorney email address below:

Hannah Vail

Assistant Attorney General

Office of the Attorney General

Government Bureau – Trial Division

One Ashburton Place

Boston, MA 02108

617-963-2512

hannah.vail@mass.gov